UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| PATRICIA STEPHENS, *ET AL.*, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO. 2:08-CV-96 |
| | ) | |
| CITY OF MORRISTOWN, | ) | |
| TENNESSEE, | ) | |
|     Defendant. | ) | |

## MEMORANDUM OPINION AND O R D E R

This matter is before the Court on "Plaintiffs' Renewed Motion for Judgment as a Matter of Law Against Defendant City of Morristown for Violation of the Clean Water Act as a Result of July 19, 2007 Overflow of City's Sewer System," [Doc. 248]. For the reasons which follow, the plaintiffs' motion will be GRANTED.

**I.   Background.**

This action is a citizen suit alleging violations of the Federal Water Pollution Control Act, commonly known as the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251-1387 (2009), and state law claims for nuisance, trespass, negligence, and inverse condemnation. The case was tried before a jury from November 3, 2009, through November 25, 2009, which resulted in a verdict for the defendant City of Morristown ("Morristown") on plaintiffs' claim that the defendant violated its National Pollutant Discharge Elimination System Permit ("NPDES permit") by a prohibited overflow on July 19, 2007, from the Witt sewer line. That claim is the subject of the instant motion.

Morristown's NPDES permit prohibits overflows and requires Morristown to operate the sewer

collection system so as to avoid overflows.[1]  An overflow is defined by the permit as "the discharge to land or water of waste from any portion of the collection, transmission, or treatment system other than through permitted outfalls."[2]  Morristown's NDPES permit also provides that an "upset" constitutes "an affirmative defense to an action brought for noncompliance with . . . technology-based effluent limitations . . ." under certain circumstances.  An upset "means an exceptional incident in which there is unintentional and temporary noncompliance with technology-based effluent limitations because of factors beyond the control of the permitee."[3]

Plaintiffs argue in the present motion that they presented "undisputed evidence establishing that an overflow of the City's sewer system occurred on July 19, 2007" at the trial of this matter.  Further, they argue, they "presented uncontroverted evidence demonstrating that the July 19, 2007 overflow is not subject to an upset defense . . ."  As a result, plaintiffs contend that they are entitled to judgment as a matter of law, notwithstanding the jury's verdict in favor of Morristown on this issue.  Morristown responds that "Plaintiffs cannot satisfy their burden to show that proof that reasonable minds could differ on whether an 'overflow' occurred on July 19, 2007."  They further argue that "[e]ven if an overflow did occur, evidence was clearly presented upon which a jury could determine that the overflow was the result of an upset."  Morristown acknowledges that its NPDES permit prohibits overflows but argues that "overflows are essentially a fact of life," and that it presented proof that the overflow on July 19, 2007 was the result of an exceptional incident, "*i.e.*, a lighting strike causing a power outage, causing an

---

[1]  Trial Exhibit 7, pg. 14.

[2]  The only permitted outfall under the NPDES permit is at mile 75 of the Holston River.

[3]  Trial Exhibit 7, pg. 15.

intentional[4] and temporary noncompliance."

## II. Applicable legal standard.

Rule 50(b) provides as follows:

> (b) **Renewing Motion for Judgment After Trial**; **Alternative Motion for New Trial**. If the court does not grant a motion for judgment as a matter of law, made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion . . . . [T]he movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:
> (1) allow judgment on the verdict, if the jury returned a verdict;
> (2) order a new trial; or
> (3) direct the entry of judgment as a matter of law.

Fed. R. Civ. P. 50(b). "Judgment as a matter of law may only be granted if, when viewing the evidence in a light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion in favor of the moving party." *Barnes v. City of Cincinnati*, 401 F.3d 729, 736 (6th Cir. 2005).

## III. Analysis.

While Morristown argues that reasonable minds could differ on whether an overflow occurred on July 19, 2007, it points to no evidence in the record which would create a genuine issue of material fact on that question, and, indeed, essentially conceded that fact at oral argument on the motion. And, in any event, the uncontroverted proof at trial establishes that such an overflow occurred. Various witnesses, including plaintiffs and agents of Morristown, testified that the overflow occurred. In

---

[4] The Court assumes that the word "intentional" in the City's response is a typographical error and that the City meant to say that the temporary noncompliance was "unintentional."

3

addition, a videotape of the overflow was introduced into evidence. Furthermore, Morristown reported the overflow to the Tennessee Department of Environment and Conservation("TDEC"). There simply is no genuine issue of material fact with respect to whether the alleged July 19, 2007 overflow at or near the Witt 3 pump station occurred. It did. Nor is there a genuine issue as to whether or not the overflow was a violation of Morristown's NPDES permit. It was.

The only real point of contention is whether there was/is a genuine issue of material fact as to whether Morristown is entitled to rely on the affirmative defense of "upset" for the violation of the permit. More specifically, did the introduction by Morristown at trial of evidence that the July 19, 2007 overflow was due to an exceptional incident, *i.e.*, a lighting strike causing a power outage, constitute an upset under the permit and applicable regulations? The Court finds that it did not.

While there was evidence introduced at trial from which the jury could have found that the July 19, 2007 overflow was the result of a lighting strike which caused a power outage, a circumstance beyond the reasonable control of Morristown, such incident cannot, as a matter of law, constitute an upset as defined in the NPDES permit. As noted above, an upset is defined in the NPDES permit as ". . . an exceptional incident in which there is unintentional and temporary noncompliance with *technology-based effluent limitations* because of factors beyond the reasonable control of the permittee." (emphasis added). The reason why Morristown cannot rely on an affirmative defense of upset overflows is very simple– overflows do not involve noncompliance with any technology based effluent limitations.

Doctor Chris Cox, testifying for the plaintiffs, gave uncontradicted testimony at trial that the July 19, 2007 overflow did not involve any technology based effluent limitations. He further testified that the only technology based effluent limitations that apply to the Morristown sewer system apply at the discharge point from the Morristown Wastewater Treatment plant to outfall 001, *i.e.*, mile marker 75 on

the Holston River. The plain language of the permit confirms this.[5] In addition, Cindy Krebs, project manager for Veolia water, Morristown's sewer system contractor, admitted that overflows could not constitute upsets under the permit because there are no technology based effluent limitations which apply to the manhole at the Witt 3 pump station where the overflow occurred.

On the other hand, Morristown, which had the burden of proving the elements of the claimed affirmative defense, offered no testimony to contradict that of Dr. Cox or Ms. Krebs, and made no effort during trial to present evidence to demonstrate that the July 19, 2007 overflow had any relationship to a technology based effluent limitation. Not only did Morristown not attempt to offer such proof, it admitted that enforcement action had been taken against it by the TDES as a result of the July 19, 2007 overflow. Under these circumstances, there is no genuine issue as to whether or not the City was entitled to rely on the affirmative defense of upset as set forth in the permit.

**IV. Conclusion**.

For the reasons set forth herein, this Court agrees with plaintiffs that the evidence at trial does not raise a genuine issue of fact with respect to the July 19, 2007 overflow and that plaintiffs are entitled to judgment as a matter of law, notwithstanding the jury's verdict, on that issue. The Court will, pursuant to Rule 50(b), direct the entry of judgment as a matter of law in favor of the plaintiffs against the defendant, City of Morristown, on this claim. The final judgment, however, pursuant to Rule 54, Federal Rules of Civil Procedure, will not be entered on this claim until a final judgment is entered on the jury's

---

[5] The NPDES permit issued to Morristown and which was in effect on the date of the overflow, trial Exhibit 7, sets certain effluent limitations which apply to Morristown's municipal wastewater treatment facility, which is authorized to discharge municipal wastewater from "Outfall 001 to the Holston River Mile 75." These effluent limitations, found in Part 1, A of the NPDES permit, apply, by the specific terms of the permit, only to outfall 001. No other effluent limitations are established in the permit. Attached to the permit is a section entitled "Rationale," which makes it abundantly clear that the effluent limitations of the permit apply only to the treatment facility's discharge point on the Holston River.

5

verdict in this case.

So ordered.

ENER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE